IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES C. SONGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:13cv00504 |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on July 7, 2015, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff has filed objections to the report and this matter is now ripe for the court's consideration.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district

> court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *'those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

2

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of [his] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [ ]he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.[1]

Songer raised four arguments before the magistrate judge on summary judgment and now objects to the magistrate judge's findings and recommendations as to each of those arguments. In his objections, Songer points to few alleged errors in the magistrate judge's report; in large part, he desires review of his entire case and reiterates arguments previously raised. The court will not give Songer the second bite at the apple he seeks. Veney, 539 F. Supp. 2d at 846; see also Midgette, 478 F. 3d at 621; Diprospero, 2014 WL 1669806, at *1; Camper, 2009 WL 9044111, at *2. The court has reviewed de novo those portions of the report and recommendation to which Songer has properly objected. For the reasons set forth below, the court will **ADOPT** the magistrate judge's report and **AFFIRM** the Commissioner's decision.

---

[1] Detailed facts about Songer's impairments and medical and procedural history can be found in the report and recommendation, ECF No. 28, and in the administrative transcript, ECF No. 10. As such, they will not be repeated here.

3

## A.

Songer's first objection, and the first argument he raised on summary judgment, concerns the opinion of his treating physician, Dr. Wagner. There are two Medical Source Statements of Ability to Do Work-Related Activities (Physical) in the record bearing Dr. Wagner's signature and a November 24, 2010 date. The first, found on pages 415-18 of the Administrative Record (hereinafter, "R."), indicates Songer can lift and carry no more than 20 pounds and has no postural, manipulative, visual/communicative, or environmental limitations, nor any limitation in his ability to sit. Dr. Wagner did not indicate whether Songer would be absent from work as a result of his impairments or whether Songer's condition has persisted since January 1, 2009; he simply failed to fill out these portions of the form. Likewise, he indicated that Songer's abilities to stand and/or walk and push and/or pull are affected by his impairments but failed to explain the extent of those limitations.

At the April 3, 2012 administrative hearing, plaintiff's counsel represented that "we have been trying since we got the form back from [Dr. Wagner] to try to get him to complete those additional answers, like, for example, he said standing and walking was affected by his impairments, but didn't list specifically what the restrictions were . . . ." (R. 103.) At counsel's request, the ALJ held the record open so that additional information from Dr. Wagner could be submitted.

The second form found in the record appears to have been supplemented by Dr. Wagner on April 2, 2012 –some seventeen months after he originally filled out the form. (R. 438-41.) This form shows the same November 24, 2010 date next to Dr. Wagner's signature as the first form but contains additional limitations and handwritten notes. For instance, Dr. Wagner explained that Songer is limited to standing and/or walking 2 hours in an 8-hour workday. He also limited Songer to sitting no more than 2 hours in an 8-hour workday, notwithstanding the fact that he had previously checked the box to indicate Songer had no sitting limitation (and that box remained

4

checked on the second form). On the second form, Dr. Wagner changed his opinion as to whether Songer is limited in his ability to push and/or pull, crossing out the "yes" box and writing "NO." At the same time, however, Dr. Wagner checked a box indicating Songer is limited in use of his lower extremities but explained in a handwritten note next to it: "some minor limitations noted." Like the first form, this second form reflects no postural, manipulative, visual/communicative, or environmental limitations. Dr. Wagner checked the box indicating that Songer's condition had persisted since January 1, 2009 but answered the question of whether Songer's impairments would cause him to be absent from work by writing "N/A." A partially-legible handwritten note from Dr. Wagner on this second form appears to read: "Back limitation by history only. Pt does note significant impairment in sitting and standing by history. Last seen 11/4/201[1].[2] Full clinical exam not done. Reviewed 4/2/2012."

Songer unsuccessfully argued before the magistrate judge that the ALJ rejected Dr. Wagner's opinion as to Songer's limited ability to sit simply because the ALJ was confused by these two forms. See Pl.'s Summ. J. Br., ECF No. 15, at 16. The magistrate judge disagreed, stating "[w]hile the ALJ expressed bafflement at the two forms submitted by Dr. Wagner, both containing the same date and yet with different restrictions, the ALJ gave the opinions some weight and provided additional reasoning for rejecting the limitation that Songer could only sit for 2 hours in an 8 hour day." Report & Recommendation, ECF No. 28, at 6 n.4. Songer objects to the magistrate judge's finding that the ALJ considered both forms submitted by Dr. Wagner. Pl.'s Obj., ECF No. 29, at 2. The court finds nothing erroneous about the magistrate judge's finding in this regard. The ALJ explained his reasons for giving only some weight to Dr. Wagner's opinion as to Songer's functional capacity as follows:

---

[2] Although Dr. Wagner's handwritten note reads "[l]ast seen 11/4/2012," he plainly meant 2011. The last treatment note in the record from Dr. Wagner is indeed dated 11/4/2011. (R. 428-29.)

> As for the opinion evidence, Dr. Wagner, the claimant's treating physician, submitted a Medical Source Statement dated November 24, 2010, on two occasions (Exs. 7F, 12F). The two submissions carry the same date, and have the same penmanship, but one (Ex. 12F) had additions not present on the other (7F). For instance, the latter exhibit suggested sitting limits of two hours per eight-hour workday; the earlier exhibit stated there were no sitting limits. Both forms agreed to lifting limits of 20 pounds, whether occasionally or frequently. Dr. Wagner limited standing or walking to two hours in an eight-hour workday. He could perform postural activities on a frequent basis. It is noteworthy that Dr. Wagner imposed no environmental limitations, even concerning pulmonary irritants. Some weight is given to the opinion of Dr. Wagner. Dr. Wagner's lifting limits generally comply with the claimant's own representations in the November 8, 2010 treatment note (Ex. 6F, p. 5). The undersigned points to discrepancies in Dr. Wagner's two functional capacity statements (Exs. 7F, 12F), most especially the sitting limits. Since the forms carry the same date and appear to be of the same penmanship, this discrepancy defies explanation. The undersigned rejects that part of the questionnaire (Ex. 12F) which purports to limit the claimant's sitting to two hours per eight-hour workday. There is no basis in the medical records for such a severe sitting limitation, particularly when the undersigned has provided the accommodation of a sit-stand option in the residual functional capacity.

(R. 93.) Plainly, the ALJ rejected Dr. Wagner's opinion as to Songer's limited ability to sit not because the ALJ was confused by the two forms,[3] but because "[t]here is no basis in the medical records for [the] [ ] severe sitting limitation" indicated on the second form. Id. To be sure, it *is* confusing that Dr. Wagner imposed such a restrictive limitation as to Songer's ability to sit nearly a year and a half after finding no limitation exists, especially in light of the fact that Dr. Wagner's treatment notes from that intervening period in no way suggest that Songer's impairments impact his ability to sit. Indeed, Dr. Wagner's opinion on this second form appears to have been influenced by Songer's subjective complaints as to his ability to sit and stand, as Dr. Wagner explains in his handwritten note. (R. 438.)

Songer also objects to the magistrate judge's finding that inclusion of a sit/stand option in the ALJ's residual functional capacity assessment accommodates any difficulty he has sitting. See

---

[3] Songer insists these two forms should be read as one and that the magistrate judge erred in concluding the two forms stand alone. Pl.'s Obj., ECF No. 29, at 2. The court does not see how this second form, completed by Dr. Wagner seventeen months after he filled out the first form and expressing different views as to Songer's functional capacity, can be seen as anything but a separate opinion as to Songer's functional capacity, rendered as of April 2012. In any event, it matters not for purposes of this analysis whether these forms are viewed together as one document or as two separate disability opinions. The ALJ properly considered the opinion evidence from Dr. Wagner in accordance with the requirements of 20 C.F.R. §§ 404.1527, 416.927.

Case 7:13-cv-00504-MFU-RSB   Document 30   Filed 09/11/15   Page 6 of 13   Pageid#: 582

Report & Recommendation, ECF No. 28, at 7. Songer argues "[a] limitation to only two hours of sitting in an eight hour workday is not accommodated by a sit-stand option." Pl.'s Obj., ECF No. 29, at 2. But the sit/stand option is not, as Songer suggests, a failed attempt to accommodate Dr. Wagner's April 2012 opinion as to Songer's limited ability to sit. Indeed, the ALJ expressly rejected that portion of Dr. Wagner's opinion related to sitting. (R. 93.) Rather, the sit/stand option accommodates Songer's alleged need to alternate between sitting and standing every thirty minutes. At the administrative hearing, Songer testified:

> A  If I sit a long time, I'll get pains in the bottom of my back here, but my main problem sitting a lot of time, the doctor said that's because of cholesterol and my blood pressure. He said that's like I lose circulation in legs so they start get numb and aching.
> Q  How long can you sit before you start having that pain in your low back and the numbness and the pain in your legs?
> A  My back's probably 20, 30 minutes, but my legs it don't take long at all. I sit and my legs start to get numb.
> Q  How long can you usually sit before you have to get up?
> A  Twenty, 30 minutes.
> Q  Okay.
> A  At the house, we're watching TV or something. We got a rocking chair at the house. I'll sit up and stand behind the rocking chair and I'll watch TV and then I go sit back down after the numbness goes out of my legs.
> Q  How long can you usually stand?
> A  I guess they're kind of like back and forth. They're both about the same. I'll sit for a little while and stand --
> Q  About 20 to 30?
> A  Yes, ma'am.

(R. 114.) By including a sit/stand option, the ALJ gave credence to Songer's testimony. As mentioned above and as explained in detail in the magistrate judge's report, there is no support in the record for a more restrictive sitting limitation.

7

Finally, Songer contends that the magistrate judge failed even to address the fact that the ALJ rejected without explanation Dr. Wagner's opinion that plaintiff can only stand and/or walk for 2 hours in an 8-hour workday. Pl.'s Obj., ECF No. 29, at 3. Songer argues, "the ALJ failed to provide any explanation regarding his rejection of Dr. Wagner's opinion regarding plaintiff's ability to stand as required under 20 C.F.R. § 416.927(d)(2) and the Report and Recommendation erred in failing to acknowledge this lack of explanation by the ALJ." Id. at 4. This is simply incorrect. The ALJ's residual functional capacity assessment limited Songer to standing/walking 2 hours in an 8-hour period (R. 93), which is exactly in line with the limitation imposed by Dr. Wagner (R. 438). The ALJ only rejected the portion of Dr. Wagner's opinion "which purports to limit the claimant's sitting to two hours per eight-hour workday." (R. 93.) Songer mischaracterizes the ALJ's decision.

In sum, the court finds no error in the magistrate judge's determination that substantial evidence supports the ALJ's decision to give Dr. Wagner's opinion only some weight. The ALJ discharged his duty under 20 C.F.R. §§ 404.1527, 416.927 and explained his reasons for the weight given to Dr. Wagner's opinion. Songer's objection to this portion of the magistrate judge's report is overruled.

**B.**

Songer's second objection is to the magistrate judge's conclusion that the ALJ properly considered Songer's impairments alone and in combination. Songer takes issue with the magistrate judge's statement that Songer's argument on summary judgment was "essentially an invitation to reweigh the evidence of record," and the magistrate judge's finding that "Songer does not point to any evidence the ALJ failed to consider, does not identify any legal standard the ALJ misapplied, and does not put forward any legal duty that the ALJ failed to fulfill." Report & Recommendation, ECF No. 28, at 8-9. Songer contends that he in fact did identify specific evidence the ALJ failed to consider, directing the court to pages 19 and 20 of his summary judgment brief. There, Songer

criticized the ALJ's reliance on the July 2010 opinion of reviewing state agency physician Dr. Spetzler, who found Songer could perform a range of light work. Songer argued that "nearly two years of additional evidence occurred between the time of Dr. Spetzler's opinion and the ALJ's decision in June 2012." Songer specifically referenced Dr. Wagner's April 2012 opinion as to Songer's limited functional capacity, as well as Songer's "sleeping problems, restless leg syndrome, hypertension, and obstructive sleep apnea that results in daytime somnolence, unrefreshing sleep, snoring, and possible apneic spells." Pl.'s Summ. J. Br., ECF No. 15, at 19.

The court finds no error here. It is clear from the ALJ's decision that he properly considered all of Songer's impairments -- severe (coronary artery disease, COPD, sleep apnea, and hypertension) and non-severe (depression and obesity) -- in combination in determining Songer is not disabled. (R. 89-90.) Viewing the record evidence in its entirety, the ALJ determined that Songer does not have an impairment or combination of impairments that meets or equals a listed impairment (R. 90), and he plainly took all of Songer's impairments into account in formulating a residual functional capacity assessment, which reflected both exertional and non-exertional limitations (R. 91-93). The ALJ stated, "[t]he residual functional capacity provides generous accommodation to the claimant's impairments." (R. 94.) The court agrees. There is simply no basis for Songer's argument that the ALJ failed to consider the two years of evidence following Dr. Spetzler's opinion[4] or that he otherwise failed to consider Songer's impairments in combination.

### C.

In his third objection, Songer argues the magistrate judge failed to take into account his efforts to quit smoking in upholding the ALJ's credibility determination. He raised this same argument on summary judgment. See Pl.'s Summ. J. Br., ECF No. 15, at 20 (arguing the ALJ failed

---

[4] Songer neglects to mention that after Dr. Spetzler opined in 2010 that Songer could perform a range of light work, another reviewing state agency physician, Dr. Duckwall, reviewed the evidence in January 2011 and reached the same conclusion. (R. 158-59, 169-70.)

9

to consider plaintiff's decreased smoking in assessing Songer's credibility). Here, however, Songer specifically objects to the fact that the magistrate judge relied on treatment notes dated no later than 2010 as evidence to support the ALJ's statement that Songer continued to smoke in spite of doctors' orders. Songer insists that "his smoking was substantially decreased by the time of his [2012] hearing before the ALJ." Pl.'s Obj., ECF No. 29, at 6. He points to a March 16, 2011 treatment note in which Songer stated he would "try to cut down" after being encouraged to stop smoking. (R. 421.) Songer also points to his testimony at the April 3, 2012 administrative hearing that he smokes "a little less than a pack for a day, probably even less than that now," which is "nowhere near" the "pack and a half" he used to smoke. (R. 109.)

The fact that Songer may have cut back his smoking habit as of 2012 does not make the magistrate judge's finding that Songer continued to smoke "in direct contradiction to his physicians' repeated advice to stop," erroneous. Report & Recommendation, ECF No. 28, at 9. Nor does it call into question the ALJ's credibility determination. The ALJ held that Songer's "allegation of disabling shortness of breath is not credible as he continues to smoke, despite being advised repeatedly to cease smoking." (R. 92.) Whether he had cut back or not, Songer was still smoking as of the date of the ALJ's decision.

Regardless, Songer's smoking habit was not the only factor that played into the ALJ's assessment of his credibility:

> The undersigned has considered the claimant's subjective complaints with regard to his chest pain and shortness of breath, precipitating and aggravating factors, medications and other treatment, any functional restrictions, and the claimant's daily activities (20 CFR §§404.1529 and 416.929). The claimant's statements concerning his impairments and their impact on his ability to work are not entirely credible in light of the degree of medical treatment required and his noncompliance with treatment recommendations.
>
> His allegation of disabling shortness of breath is not credible as he continues to smoke, despite being advised repeatedly to cease smoking. Also, the results of the pulmonary function study do not corroborate the severity of his symptoms. Furthermore, his treatment has been rather limited, and he only went to the Bradley Free Clinic on two occasions.

(R. 92.) The magistrate judge held these additional reasons given by the ALJ for discounting Songer's credibility also find support in the record evidence. Songer objects to the magistrate judge's conclusion in this regard but fails to identify any specific error made by the magistrate judge in reaching this conclusion. Songer merely reiterates his argument raised on summary judgment that the ALJ's finding that he engaged in a pattern of noncompliance and received only limited treatment is erroneous. Pl.'s Summ. J. Br., ECF No. 15, at 20-21; see also Pl.'s Obj., ECF No. 29, at 6. This portion of Songer's objection is improper and does not warrant de novo review.

In any event, the court finds no error in the magistrate judge's analysis nor any reason to disturb the ALJ's credibility finding in this case. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92-1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

### D.

Songer's fourth and final objection is to the magistrate judge's conclusion that the new evidence submitted to the Appeals Council does not warrant remand. Songer argues that the "Report and Recommendation erroneously finds that the additional evidence does not relate to plaintiff's coronary condition at the time of his hearing before the ALJ," and that "the additional evidence reflects deterioration of plaintiff's coronary condition after the ALJ's decision." Pl.'s Obj., ECF No. 29, at 7. Songer contends the magistrate judge's rejection of his remand argument is erroneous but, again, fails to point to any specific error made by the magistrate judge in reaching his conclusion. Songer's objections rehash — and, indeed, copy verbatim in part — the summary

11

judgment argument he raised previously. See Pl.'s Obj., ECF No. 29, at 6-7; Pl.'s Summ. J. Br., ECF No. 15, at 22. De novo review of this portion of the magistrate judge's report is therefore not required. Nonetheless, the court finds no error in the magistrate judge's conclusion that the records submitted to the Appeals Council do not relate to the time period at issue. As such, Songer's objections are overruled.

### III.

At the end of the day, it is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet her burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). To that end, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the magistrate judge's report, the objections to the report, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which Songer properly objected. The court finds that the magistrate judge was correct in

concluding there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: September 11, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

13